IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JERMAIN SANTELL HILL,

           Plaintiff,

v.                                                    CIVIL ACTION NO. 5:18-cv-00994

OFFICER MILAM, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Affidavit* (Document 1), hereinafter referred to as the Complaint, the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 60), and the Plaintiff's *Objections to the Proposed Findings and Recommendation* (Document 64). By *Standing Order* (Document 2) entered on June 4, 2018, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On June 4, 2018, the Magistrate Judge submitted his PF&R, wherein he recommended that this Court grant the Defendants' motion to dismiss, or in the alternative, motion for summary judgment, deny the Plaintiff's motion for temporary restraining order and injunctive relief, deny the Plaintiff's letter-form motion for summary judgment, and remove this matter from the Court's docket. The Plaintiff timely objected to the PF&R. Following careful consideration, the Court

finds that the Magistrate Judge's PF&R should be adopted, and the Plaintiff's objections should be overruled.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

On June 4, 2018, the Plaintiff filed a Complaint (Document 1) indicating the desire to initiate an action pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based upon alleged violations of his constitutional and civil rights. On July 5, 2018, the Plaintiff filed an *Amended Complaint* (Document 9), naming the following Defendants: T. Milam, Unit Counselor; David Young, Warden; Mr. Hill; E. Stennet, Unit Manager; William Craddock; Amy Goode; Mr. Thompson; and Medical Staff. On July 25, 2019, the Plaintiff filed an *Affidavit* (Document 14), serving as an Amended Complaint, incorporating all claims and allegations.

The Plaintiff alleged that the Defendants violated his Eighth Amendment rights by failing to provide adequate medical care. Specifically, the Plaintiff requested an MRI to determine the cause of his back pain, but the Defendants failed to provide that service. Additionally, the Plaintiff alleged that the Defendants refused to provide him with a bottom bunk or lower-level cell, though climbing stairs and climbing into the top bunk caused him extreme back pain.

The Plaintiff also alleged that the Defendants violated his Sixth Amendment right to confer with counsel regarding his pending Section 2255 proceedings. Finally, the Plaintiff alleged that the Defendants have retaliated against him for filing administrative remedies in violation of the

First Amendment by (1) attempting to have other inmates harass or attack Plaintiff, and (2) improperly denying Plaintiff visitation with his fiancée. Plaintiff seeks monetary relief.

On September 27, 2018, the Defendants filed a *Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment* (Document 35), and *Memorandum of Law in Support of Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment* (Document 37). On October 5, 2018, the Plaintiff filed a *Motion for Temporary Restraining Order and Injunctive Relief* (Document 39). The Plaintiff filed *Plaintiff's Response to the Defendants' Motion to Dismiss or Summary Judgment* (Document 44), on October 26, 2018. On May 24, 2019, the Plaintiff filed a *Letter-Form Motion for Summary Judgment* (Document 58). The Magistrate Judge entered his PF&R on June 19, 2019, and following an extension of time, the Plaintiff filed his *Objections to the Proposed Findings and Recommendations* (Document 64) on July 23, 2019.

## STANDARD OF REVIEW

A. Objections to PF&R

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

      B.  *Summary Judgment*

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); see also *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

### A. Failure to Exhaust Administrative Remedies

The Magistrate Judge recommended that the Plaintiff's claims regarding his top bunk and top tier housing assignment, right to confer with counsel, denial of visitation, retaliation, and harassment be dismissed in light of his failure to exhaust the administrative remedies provided under the Bureau of Prison's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, prior to filing his Complaint.

The Plaintiff objects to dismissal of his claims alleging that he was not provided with adequate opportunity to exhaust. Specifically, the Plaintiff alleges that he was denied access to the institutional grievance process from April 2018 through May 2018. He further alleges that because he did not have access to the institutional grievance process for a one-month period, his opportunity to exhaust was effectively foreclosed since his institutional grievance would have been filed after the twenty-day filing period. (Pl.'s Objs. PF&R at 1.)

The Prison Litigation Reform Act (PLRA) bars actions by inmates "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that the "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). The United States Supreme Court has held that the PLRA requires "proper exhaustion," including compliance with the procedures and

deadlines established by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Such exhaustion is required "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* at 85. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[I]f the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate." *Davidson v. Davis*, No. 3:13-CV-590-FDW, 2015 WL 996629, at *3 (W.D.N.C. Mar. 6, 2015) (dismissing a failure to supervise claim where the plaintiff's administrative grievance allegations focused on excessive force and did not mention failure to supervise).

If an administrative remedy is "unavailable," then an inmate is not bound by exhaustion requirements under the PLRA. *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016). An administrative remedy is unavailable if the forms are inaccessible or cannot be obtained. *Id.; see also Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (courts must consider whether inmate was denied access to necessary grievance forms when dismissing claims on exhaustion grounds).

The Magistrate Judge clearly and thoroughly explained the Federal Bureau of Prisons grievance procedure, as well as the steps taken—and not taken—by the Plaintiff. (PF&R at 10-11). The Court hereby adopts his explanation and incorporates it by reference. In summary, the record reveals that the Plaintiff filed administrative remedies on April 11, 2018, April 25, 2018, May 16, 2018, and June 11, 2018, despite the Plaintiff's assertions that he was denied the administrative remedy process from April through May. (Defs.' Mot. Dismiss Ex. 2 at 174-75.) The Plaintiff also alleges that he emailed the Warden on May 11, 2018, seeking an administrative

remedy form. (Pl.'s Am. Compl. at 1.) That same day, approximately one hour later, Counselor Milam provided him with an administrative remedy form. *Id.* The Plaintiff asserts that although he received the form, he did not file it because Counselor Milam verbally assaulted him and slammed "his cell door violently" when providing the administrative remedy form. (Pl.'s Resp. Defs.' Mot. Dismiss at 10.) The Plaintiff also argues that the Defendants refused to accept his administrative remedy requests concerning claims against his Unit Team members. *Id.* at 11. Thus, Plaintiff contends that the administrative remedy process was unavailable concerning the above unexhausted claims.

The Plaintiff, however, has failed to provide sufficient indicia that the administrative remedy process was unavailable. *See Ferguson v. Clarke*, No. 7:14-cv-00108, 2016 WL 398852, at *6 (W.D. Va. Jan. 5, 2016) (inmate's allegation that administrative process was unavailable was belied by evidence that inmate submitted other grievances within the same period); *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *5 (S.D. W. Va. Sept. 12, 2017) (Johnston, J.) (finding that "unsubstantiated and conclusory assertions by an inmate that prison officials thwarted pursuit of the administrative process are insufficient to excuse failure to exhaust").

The Plaintiff alleges that he was denied access to the administrative remedy forms from April through May 2018, yet these claims are contradicted by the record. The record demonstrates that the Plaintiff filed administrative remedies throughout that time frame. To support the claim that administrative remedies were unavailable to the Plaintiff, he submitted a *Response to the Defendant's Motion to Dismiss or Summary Judgment* (Document 44), wherein he attached emails to prison staff. The emails, however, are dated July 25, July 31, and October 10, 2018, and do not correspond to the alleged denial of administrative remedy forms occurring between April 2018 and May 2018. Further, the emails, read collectively, do not support the claim that the Plaintiff

7

was denied access to administrative remedy forms. In the email dated July 25, the Plaintiff states he was denied access to the BP-8 administrative remedy forms, but then in the email dated July 31, the Plaintiff states that he had submitted a BP-8 administrative remedy form the prior week, but had not yet heard back from administration. (Pl.'s Resp. Mot. Dismiss at 21, 24.) This evidence suggests that that Plaintiff had access to the forms.

Additionally, the Plaintiff acknowledges that he was provided with an administrative remedy form on May 11, 2018, but alleges that he did not have access to the administrative remedy process because he was afraid to file for fear of retaliation. Fear of submitting a grievance at the institutional level does not demonstrate that administrative remedies were unavailable to the Plaintiff. Instead, 28 C.R.F. § 542.14(d) provides that an inmate may initiate the first step of the administrative remedy process by submitting his request directly to the Regional Director if the inmate believes the issue is sensitive. There is no allegation that the Plaintiff was prevented from pursuing his above claim pursuant to Section 542.14(d). Therefore, the Plaintiff is not relieved from the PLRA's exhaustion requirement simply because the information to be submitted in an administrative remedy was potentially sensitive.

Based on this evidence, the Plaintiff has failed to substantiate the claim that he was denied access to the administrative remedy forms for the purposes of exhaustion. As such, the Court cannot find that exhaustion of administrative remedies was unavailable from April through May of 2018. Accordingly, the Court adopts the Magistrate's recommendation to dismiss the Plaintiff's claims regarding his top bunk and top tier housing assignment, right to confer with counsel, denial of visitation, retaliation, and harassment.

### B. Claim Against Defendant Young

The Plaintiff did exhaust administrative remedies with respect to the claim that the Defendants failed to provide an MRI to assess the scope of his back injury, but the Magistrate Judge recommended that the Plaintiff's claims be dismissed for failure to establish deliberate indifference amounting to a violation of the Eighth Amendment. Specifically, the Magistrate Judge determined that the "Defendants consistently evaluated Plaintiff's condition, ordered x-rays, and prescribed medications. . . . Thus, the medical records reveal that Defendants made sufficient efforts to treat Plaintiff's back condition and chronic pain." (PF&R at 25-26.) The Magistrate Judge determined that the Plaintiff's claim regarding an MRI did not amount to a constitutional claim, but instead reflected a disagreement with the course of treatment. The Magistrate Judge also recommended that the Plaintiff's claim against Defendants Thompson and Young be dismissed for failure to establish supervisory liability.

The Plaintiff does not specifically object to the Magistrate Judge's findings as they relate to his claim for inadequate medical treatment. However, to ensure thorough review, the Court has considered the issue, and finds that he did not put forth a viable Eighth Amendment claim. To establish a violation of the Eighth Amendment, the Plaintiff must demonstrate that the Defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment").

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the medical care provided to the Plaintiff, which the Court now incorporates by reference. (PF&R at 21-25.) In summary, the Plaintiff received care for his back injury—including x-rays, physical evaluations, and

medication—on numerous occasions. Medical personnel, throughout the course of treating the Plaintiff, determined that an MRI was not necessary to adequately assess the Plaintiff's condition. The Plaintiff has not put forward sufficient information to demonstrate deliberate indifference on behalf of the Defendants. Therefore, the Court adopts the Magistrate Judge's recommendation that the Plaintiff's claims be dismissed for failure to establish deliberate indifference amounting to a violation of the Eighth Amendment.

The Plaintiff objects to the Magistrate Judge's conclusion to the extent that it asserts there was a lack of personal knowledge on behalf of Defendant Young. The Plaintiff alleges that "contrary to this contention, David Young did in fact have personal knowledge because he received a personal letter to him addressing the matter of the court's recommendation from John T. Copenhaver." (Pl.'s Objs, PF&R at 1.)

The PF&R, however, recognizes Mr. Young's personal knowledge of the Plaintiff's need for medical attention. As such, both the Plaintiff and the Magistrate Judge agree about the extent of Mr. Young's knowledge concerning the need for medical care. Such knowledge, however, is not sufficient to state a claim against Mr. Young for acting in his administrative and supervisory capacity as Warden of FCI Beckley.

Supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). In this case, there is no deprivation of a constitutional right which could be ascribed to Mr. Young. As such, there can be no supervisory liability.

Even if there were a constitutional injury, however, a supervisor must have "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm" to be adjudged

liable. *Moore v. Winebrenner*, 927 F.2d 1312, 1315 (4th Cir. 1991). In order to succeed on a constitutional claim against non-medical personnel, the plaintiff must establish that non-medical personnel "were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physician's misconduct." *Lewis v. Angelone*, 926 F.Supp. 69, 73 (W.D. Va. 1996).

Besides responding to administrative remedies, the record does not indicate any personal involvement by Defendant Young concerning the denial of medical care. *Fellove v. Heady*, No. 3:05-cv-34, 2008 WL 196420 *4 (N.D. W.Va. Jan. 22, 2008) (finding that denying administrative grievances is insufficient to demonstrate "the type of personal involvement required to state a *Bivens* claim"). The Plaintiff's allegation that Defendant Young knew about his need for medical care is not sufficient to state a claim upon which relief can be granted.

The Plaintiff has not established the requisite personal or supervisory involvement necessary to support an Eighth Amendment Bivens liability claim against Defendant Young. Accordingly, the Plaintiff's objections must be overruled, and his claim dismissed.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objections to Proposed Findings and Recommendation* (Document 64) be **OVERRULED** and that the *Proposed Findings and Recommendation* (Document 60) be **ADOPTED.** The Court further **ORDERS** that the *Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment* (Document 35) be **GRANTED**, that the Plaintiff's *Letter-Form Motion for Summary Judgment* (Document 58) be **DENIED**, and that the Plaintiff's *Motion for Temporary Restraining Order and Injunctive Relief* (Document 39) be **DENIED.**

The Court **ORDERS** that the Plaintiff's Complaint be **DISMISSED,** that this matter be **STRICKEN** from the Court's docket, and that all pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Honorable Omar J. Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: September 3, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA